a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **MICKEY ALEXANDER PETERSON,** Petitioner | **CIVIL ACTION NO. 1:18-CV-1110-P** |
| **VERSUS** | **JUDGE DEE D. DRELL** |
| **WARDEN,** Respondent | **MAGISTRATE JUDGE PEREZ-MONTES** |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Mickey Alexander Peterson ("Peterson") (#53883-019). Peterson is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana. Peterson challenges the legality of his sentence.

Because Peterson cannot meet the requirements of the savings clause of 28 U.S.C. § 2255, his petition should be dismissed for lack of jurisdiction.

I. Background

Peterson was convicted of two counts of bank robbery by force or violence in violation of 18 U.S.C. § 2113(a) and (d), and possession of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). Peterson was sentenced to a total term of 300 months of imprisonment. (Doc. 1-2, p. 3).

Peterson claims that he is entitled to proceed under the savings clause of 28 U.S.C. § 2255(e) based on Johnson v. United States, 135 S. Ct. 2551 (2015) and Sessions v. Dimaya, 138 S. Ct. 1204 (2018). Peterson argues that his bank robbery

convictions are not crimes of violence, so his conviction under § 924(c) is "null and void." (Doc. 1-2, p. 9).

II. <u>Law and Analysis</u>

A. <u>Peterson cannot meet the requirements of the savings clause.</u>

Peterson seeks to proceed under the savings clause of § 2255(e), which provides a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. See <u>Pack v. Yusuff</u>, 218 F.3d 448, 452 (5th Cir. 2000). The savings clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The burden of affirmatively proving that the § 2255 remedy is inadequate rests with the petitioner. See <u>McGhee v. Hanberry</u>, 604 F.2d 9, 10 (5th Cir. 1979).

To state a claim under the savings clause, a petitioner must show that the claim is based on a retroactively applicable Supreme Court decision that establishes the petitioner may have been convicted of a nonexistent offense, and the claim was foreclosed by circuit law at the time it should have been raised in the petitioner's trial, appeal, or first § 2255 motion. <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 904 (5th Cir. 2001).

In <u>Johnson</u>, the Supreme Court invalidated the residual clause of the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), which defined a "violent felony" as one involving "conduct that presents a serious potential risk of physical injury to another." <u>Johnson</u>, 135 S. Ct. at 2563.

2

Peterson claims that Johnson was expanded by Dimaya. In Dimaya, the Supreme Court held that the definition of "crime of violence" in 18 U.S.C. § 16(b), as incorporated in the Immigration and Nationality Act, is unconstitutionally vague. Dimaya, 138 S. Ct. at 1210. Peterson concludes that, because § 924(c)(3)(B) is "materially identical" to the crime of violence definition under § 16(b), then § 924(c)(3)(B) is also unconstitutional. (Doc. 1, p. 7).

First, Johnson does not directly apply to Peterson's conviction or sentence because Peterson was sentenced pursuant to § 924(c), not the ACCA, § 924 (e). Next, to the extent Peterson claims his § 924(c) conviction is void for vagueness and should be invalidated for the same reasons articulated in Dimaya, his claim fails.

Section 924(c) criminalizes the carrying, use, or discharge of a firearm during, or in furtherance of, any "crime of violence" or "drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3) defines the term "crime of violence" as:

> an offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threated use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The first clause, § 924(c)(3)(A), is referred to as the "force clause." The second clause, § 924(c)(3)(B), is referred to as the "residual clause."

The Fifth Circuit has held that, even in light of Johnson, the definition of "crime of violence" under § 924(c) is not unconstitutionally vague. See United States v. Jones, 854 F.3d 737, 740 (5th Cir. 2017). The Fifth Circuit has also held that, even

after <u>Dimaya</u>, "Section 924(c)(3)(B) remains valid." <u>United States v. Williams</u>, 16-20815, 2018 WL 3621979, at *2 (5th Cir. July 30, 2018) (if § 924(c)(3)(B) is ultimately held to be unconstitutional, that finding may open the door to future collateral challenges to sentences rendered under that statute).

Additionally, federal bank robbery under 18 U.S.C. § 2113(a) categorically qualifies as a crime of violence under the United States Sentencing Guidelines. <u>See</u> <u>Massenburg v. Stancil</u>, 729 F. App'x 339, 340 (5th Cir. 2018) (citing <u>United States v. Brewer</u>, 848 F.3d 711, 715-16 (5th Cir. 2017)). "Because § 4B1.2(a)(1) defines crime of violence 'in exactly the same manner as § 924(c)(3)(A),' <u>United States v. Jones</u>, 854 F.3d 737, 740 (5th Cir. 2017), <u>Brewer</u> necessarily dictates that federal bank robbery is also categorically a crime of violence for the purposes of a § 924(c)(1) conviction." <u>Id.</u>; <u>see also</u> <u>United States v. Cadena</u>, 728 F. App'x 381 (5th Cir. 2018) ("We have held that bank robbery, as defined under § 2113(a), qualifies as a crime of violence because the least culpable conduct under that statute requires, at a minimum, an implicit threat to use force.") (citing <u>Brewer</u>, 828 F.3d at 714-16).

Thus, even if Peterson could show that § 924(c)(3)(B) was vague, he cannot show that he was sentenced under that residual clause, as opposed to the force clause of § 924(c)(3)(A). Because the elements of § 2113(a) include the use of "force and violence or intimidation," and the elements of § 2113(d) include the assault of a person or the placing of a person's life in jeopardy by the use of a dangerous weapon or device, both elements fall within the force clause of § 924(c)(3)(A), and not the residual clause. <u>See</u> <u>United States v. James</u>, 15-CR-265, 2018 WL 2421998, at *6 (S.D. Tex. May 25,

2018), report and recommendation adopted, 4:15-CR-00265, 2018 WL 3008683 (S.D. Tex. June 13, 2018).

Thus, Peterson has not identified a retroactively applicable Supreme Court decision that establishes he may have been convicted of a nonexistent offense.

## III. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Peterson's § 2241 petition be **DISMISSED** for lack of jurisdiction, with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Peterson's claims.[1]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

---

[1] Pack v. Yusuff, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without* prejudice regarding all other issues."); Reed v. Young, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

5

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __12th__ day of September, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge